CHERI L MCCRACKEN, ESQ
CHERI L MCCRACKEN, AZ SBN: 006111
    *cherimccracken@gmail.com*
705 East Coronado Road
Phoenix, Arizona 85006
Telephone: (602) 231-0595
Facsimile: (602) 231-0841
*Local Counsel*

SPIELBERGER LAW GROUP
 GARY MARTOCCIO, FL SBN 099040
    *gary.martoccio@spielbergerlawgroup.com*
4890 W. Kennedy Blvd., Suite 950
Tampa, FL 33609
Telephone: (800) 965-1570
Facsimile: (866) 580-7499
Application *pro hac vice* to be filed

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### PHOENIX DIVISION

| | |
|---|---|
| JAMES DRURY,<br><br>Plaintiff,<br><br>v.<br><br>KAHALA MANAGEMENT, LLC.,<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**[JURY DEMAND]** |

COMES NOW Plaintiff, JAMES DRURY ("Plaintiff" or "Drury"), by and through the undersigned counsel, and files his Complaint and Demand for Jury Trial against Defendant, KAHALA MANAGEMENT, LLC. ("Defendant" or "Kahala") and in support, he states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's discrimination and retaliation against Plaintiff due to his disability leading to his unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's rights under the ADA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district and Defendant is headquartered in Arizona.

## THE PARTIES

4. Plaintiff, Drury, is a citizen of the United States, and is and was at all times material, a resident of the state of Georgia, residing in Barrow County.

5. Defendant, Kahala, is a domestic limited liability corporation with its principal place of business in Scottsdale, Arizona.

6. Plaintiff worked remotely for Defendant, from his home in Georgia, however Defendant does business in this judicial district, and Plaintiff reporting to Defendant's 9311 East Vía de Ventura, Scottsdale, Arizona, 85258 location.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On June 29, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

10. Plaintiff's discrimination charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

11. On February 8, 2021, the EEOC issued to Plaintiff Dismissal and Notice of Rights.

12. This complaint was filed within ninety (90) days of issuance of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant for approximately sixteen (16) years.

14. Plaintiff worked for Defendant in a full-time capacity as a Regional Director of Operations and primarily worked with Defendant's Cold Stone Creamery restaurants.

15. Plaintiff's job duties included but were not limited to assisting franchises in his territory, communicating new programs to franchisees and ensuring proper rollout and execution of those programs, Ensuring brand compliance and other similar tasks.

16. Plaintiff is a disabled male.

17. Plaintiff suffers from Diabetes and Heart Disease.

18. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

19. At all times material, Plaintiff was able to perform the essential functions of his job with or without accommodations.

20. Further, during his lengthy tenure with Defendant, Plaintiff ranked as one of the top performers in his position and consistently received outstanding reviews.

21. Plaintiff's disabilities impacted his major life activities, including sleeping and breathing.

22. On March 10, 2020, Plaintiff emailed Luna Horwitz, Director of Human Resources, and expressed his concerns about traveling for work.

23. Plaintiff specifically expressed that his heart disease and diabetes put him at a high risk of contracting COVID-19 and inquired if it were possible to suspend the travel requirements of his position due to his disabilities.

24. Following Plaintiff's request, Defendant failed to further engage in the interactive process.

25. Approximately two weeks later in retaliation for Plaintiff's request for a reasonable accommodation Defendant placed Plaintiff on a sixty (60) day administrative leave.

26. Plaintiff complained to Blake Borwick, Vice President of Operations, that the administrative leave was retaliation for his email to Ms. Horwitz about his disabilities.

27. Mr. Borwick dismissed Plaintiff's concerns and took no further remedial action.

28. Mere days later, Defendant terminated Plaintiff's employment under the guise of a lay-off.

29. However, out of all employees in Plaintiff's position, only Plaintiff and one other Regional Director were terminated at the time.

30. Defendant asserted during the EEOC process that it eventually terminated additional Regional Directors. However, Defendant contended that just eleven of its approximately fifty Reginal Directors were eventually terminated due to the "lay-off."

31. In addition, out of the sixteen Regional Director assigned to work with Cold Stone Creamery, only Plaintiff and another Regional Director were "laid-off."

32. Plaintiff has been damaged by Defendant's unlawful conduct.

33. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Disability Based Discrimination in Violation of the ADA**

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

35. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

36. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

37. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disabilities with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

38. Defendant violated the ADA by terminating and discriminating against Plaintiff based on Plaintiff's disabilities.

39. Plaintiff has been damaged by Defendant's illegal conduct.

40. Defendant intentionally discriminated against Plaintiff based on Plaintiff's disabilities.

41. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

42. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

43. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's protected rights, thereby entitling him to punitive damages.

## Count II: Retaliation in Violation of the ADA

44. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

45. Defendant intentionally retaliated against Plaintiff for engaging in protected activity when he requested a brief medical leave due to his disabilities by unlawfully terminating his employment.

46. Defendant's conduct violates the ADA.

47. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

48. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

49. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including

emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other, and further relief as this Court deems just and proper.

Dated: May 5, 2021  Respectfully Submitted:

CHERI L MCCRACKEN, ESQ.

By: /s/ Cheri L McCracken
Cheri L McCracken, Esq.
Local Attorney for Plaintiff James Drury (pending Application for *pro hac vice* of Gary Martoccio)